# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERALD O'KEITH WILLIAMS, | ) | 1:08-cv-00503 WMW (HC) |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| DEBRA DEXTER, Warden | ) | [Doc. #12] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Merced County Superior Court. (Lodged Doc. 1). Petitioner is currently incarcerated at the Correctional Training Facility in Soledad, California for a term of sixteen years after pleading no contest to inflicting corporal injury on a co-habitant with a prior conviction and battery with serious bodily injury. (Answer at 1-2).

Petitioner filed an appeal in the California Court of Appeal and on April 20, 2005, the court struck the prior prison term enhancement that the lower court stayed on count two and affirmed the judgment in all other respects. (Id at 2; Lodged Doc. 2).

Petitioner did not seek review in the California Supreme Court. (Answer at 2).

**Petitions for Habeas Corpus in State Court**

On April 9, 2004, Petitioner filed a petition for a writ of habeas corpus in the Merced County Superior Court which was denied on April 21, 2004.[1] (Answer at 2).

On November 5, 2004, Petitioner filed a petition in the California Court of Appeal, Fifth Appellate district. The petition was denied on November 24, 2004. (Answer at 2, Lodged Docs. 3, 4).

On May 21, 2005, Petitioner filed a petition for habeas corpus in the California Supreme Court. The petition was denied on May 10, 2006. On May 17, 2007, Petitioner filed another petition with the state supreme court but on September 25, 2007, it was once again denied. (Answer at 2-3; Lodged Docs. 5, 6, 7, 8).

**Petition for Habeas Corpus in Federal District Court**

On March 24, 2008, Petitioner filed the instant petition in Federal District Court. (Doc. #1). On August, 8, 2008, Respondent field a motion to dismiss claiming that the petition was not filed within the limitation period. (Doc. #12). Petitioner filed a motion for extension to file a response (Doc. #18), which was granted on December 8, 2008 (Doc. #20), but Petitioner never filed a response to Respondent's motion.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Merced County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of

---

[1] The filing dates listed in this Order gives Petitioner the benefit of the mailbox rule. *See* Rule 3(d) of the Federal Rules Governing § 2254 Cases.

habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III. Limitation Period for Filing a Petition for Writ of Habeas Corpus**

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. at 117; <u>Jeffries v. Wood</u>, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for

3

writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner's petition for review was denied by the California Court of Appeal on April 20, 2005. From that date, Petitioner had forty days to seek an appeal before the California Supreme Court, (Cal. Rules of Court, rule 28(b) (renumbered to rule 8.500(e)(1)), which Petitioner did not do; therefore, on May 30, 2005, Petitioner's conviction became final. The one year limitations period commenced the following day and Petitioner had until May 30, 2006 by which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). However, Petitioner did not file the instant petition until March 24, 2008, more than one year past the limitation period. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

**IV. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, the Supreme Court held the statute of limitations is tolled where a petitioner is

properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d at 1247 (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The petitions filed in the state superior and appellate courts were both filed and denied before the AEDPA limitation began to run; therefore, the issue of tolling need not be considered during that time period.

**First petition filed in the California Supreme Court**

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). Petitioner filed his first petition with the California Supreme Court on May 4, 2005 and, as mentioned above, the AEDPA limitation period began running on May 31, 2005. Because a properly filed petition for collateral relief was already in motion when the limitations period started, the time from the beginning of the limitations period thru the denial of that petition, May 10, 2006, is tolled.

**Second petition filed in the California Supreme Court**

In denying Petitioner's second petition for writ of habeas corpus, the state supreme court found the petition to be untimely. "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id. Because Petitioner's second state supreme court petition was untimely it cannot be deemed to be "properly filed" and is not subject to tolling.

**CONCLUSION**

After tolling the period during the first state supreme court petition, the one year limitation period began to run on May 11, 2006, giving petitioner until May 10, 2007 to file his federal petition. Petitioner did not file his federal petition until March 24, 2008, however, which far exceeds the one year statute of limitation; therefore, this petition must be dismissed.

Accordingly, Respondent's motion to dismiss is GRANTED and the Court hereby ORDERS that the Petition for Writ of Habeas Corpus be DISMISSED.

IT IS SO ORDERED.

**Dated:    March 31, 2009**           /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE